IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| Michael T. Braxton, #119081, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | C.A. No. 8:18-959-HMH-JDA |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| A. Boyd, C. York, Donnie Stonebreaker, | ) | |
| Mr. Scarborough, Mrs. Freeman, | ) | |
| Ms. Hendrix, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Jacquelyn D. Austin, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1]  Michael T. Braxton ("Braxton"), proceeding pro se, alleges a violation of 42 U.S.C. § 1983.  In her Report and Recommendation, Magistrate Judge Austin recommends dismissing this case without prejudice and without issuance and service of process because Braxton's complaint is barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  (Report & Recommendation 11, ECF No. 10.)  Further, Magistrate Judge Austin concluded that even if the court were to construe Braxton's complaint as a first-time assertion of § 2254 or § 2241, he has failed to exhaust his available state court remedies before filing this lawsuit.  (Id. at 10, ECF No. 10.)

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

1

Braxton filed objections to the Report and Recommendation on April 30, 2018.[2] (Objs., ECF No. 12.)  Objections to the Report and Recommendation must be specific.  Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge.  See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984).  In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that Braxton's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims.  Accordingly, after review, the court finds that Braxton's objections are without merit.  Therefore, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts Magistrate Judge Austin's Report and Recommendation and incorporates it herein by reference.

In addition, Braxton appeals Magistrate Judge Austin's order denying his motion for appointment of counsel.  (Appeal, ECF No. 14); (Apr. 19, 2018 Order, ECF No. 9.)  "[I]t is well settled that in civil actions [under § 1983] the appointment of counsel should be allowed only in exceptional cases."  Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975); 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel.").  However, "[i]f it is apparent . . . that a pro se litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him."  Gordon v. Leeke, 574 F.2d

---

[2] Houston v. Lack, 487 U.S. 266 (1988).

1147, 1153 (4th Cir. 1978). After a de novo review, the court finds that Braxton has failed to show exceptional circumstances or a colorable claim for relief for the reasons set forth in the Report and Recommendation. Based on the foregoing, Magistrate Judge Austin's order denying Braxton's motion for appointment of counsel is affirmed.

It is therefore

**ORDERED** that the case is dismissed without prejudice and without issuance and service of process. It is further

**ORDERED** that Magistrate Judge Austin's order, docket number 9, denying Braxton's motion for appointment of counsel, docket number 3, is affirmed.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
May 7, 2018

**NOTICE OF RIGHT TO APPEAL**

The Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.